# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| In re: § | | |
| JOHN O. MARABLE, JR. § | | |
| Appellant, § | | |
| § | | |
| § | CASE NO: 4:15-cv-00788 | |
| v. § | Judge Mazzant | |
| § | | |
| THE BANK OF NEW YORK MELLON § | | |
| As Trustee For the Certificatesholders § | | |
| Of CWMBS, Inc., CHL Mortgage Pass- § | | |
| Through Trust 2007-11 Mortgage Pass- § | | |
| Through Certificates, Series 2007-11, § | | |
| Its Successors and Assigns § | | |
| Appellee § | | |

**MEMORANDUM OPINION AND ORDER AFFIRMING
APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION
(CASE NUMBER 11-43002-BTR-13)**

___

Pending before the Court is John O. Marable, Jr.'s ("Marable" or "Debtor") appeal from the bankruptcy court's November 4, 2015 Order Granting Motion for Relief from Automatic Stay and Co-Debtor Stay filed by The Bank of New York Mellon FKA The Bank of New York, As Trustee for the Certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2007-11 Mortgage Pass-Through Certificates, Series 2007-11, Its Successors and Assigns (Dkt. #1). Having reviewed the bankruptcy court's order, the record, and the parties' submissions, the Court finds that the bankruptcy court's order should be affirmed.

## BACKGROUND

On April 30, 2007, Marable and Nicey V. Marable (the "Marables") executed a Promissory Note (the "Note") in the original principal amount of $748,000.00 payable to the order of First Mortgage Home Lending L.L.C., D/B/A Victory Mortgage ("Victory Mortgage") (Case No. 11-43002-BTR-13, Docket No. ("Btr. Dkt. #") 62). Concurrently with the execution of the Note, the Marables executed a Deed of Trust granting a lien to Victory Mortgage on 4516 Mahogany Lane, Copper Canyon, Texas, 75077-8547 ("the Property") (Btr. Dkt. #62). On May 24, 2011, the Deed of Trust was assigned to The Bank of New York Mellon FKA The Bank of New York ("BONY"), as trustee For the Certificatesholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2007-11 Mortgage Pass-Through Certificates, Series 2007-11 (Btr. Dkt. #62).

On October 1, 2011, Marable filed his voluntary Chapter 13 bankruptcy petition in the bankruptcy court (Btr. Dkt. #1). Nicey V. Marable was not a debtor in the bankruptcy proceeding but was protected by the co-debtor stay of 11 U.S.C. Section 1301 (Btr. Dkt. #1). On July 12, 2012, the bankruptcy court entered an order confirming Marable's Chapter 13 Plan (Btr. Dkt. #43).

On August 5, 2015, BONY filed a Motion for Relief from Automatic Stay and Co-Debtor Stay as to the Property (the "Motion for Relief") (Btr. Dkt. #69). In the Motion for Relief, BONY alleged that the Marables had not made post-petition mortgage payments and the unpaid principal balance due and owing on the Note was $713,141.45 (Btr. Dkt. #69 at p. 3). BONY requested that the bankruptcy court enter an order granting relief from the automatic stay to allow BONY to exercise its right to foreclosure and disposition of the Property and payment of costs, expenses, and reasonable attorneys' fees (Btr. Dkt. #69 at p. 4).

On August 12, 2015, Marable filed an Answer to the Motion for Relief (Btr. Dkt. #70). On October 7, 2015, Marable filed a Motion for Withdrawal of Counsel and requested permission to proceed pro se (Btr. Dkt. #72). Richard Kinkade, Marable's attorney of record at the time, filed a Motion for Withdrawal of Counsel on October 12, 2015 (Btr. Dkt. #73).

On November 2, 2015, the bankruptcy court held a final hearing on the Motion for Relief (the "Final Hearing") and found that there was cause to lift the stay because Marable had not made any post-petition mortgage payments (Dkt. #4 at p. 6). On November 4, 2015, the bankruptcy court entered an order granting BONY's Motion for Relief (Btr. Dkt. #75). The bankruptcy court granted the Motion for Withdrawal of Counsel on November 10, 2015 (Btr. Dkt. #77). On November 12, 2015, Marable filed his Notice of Appeal regarding the bankruptcy court's order (Dkt. #1).

After filing his notice of appeal, Marable designated the following issues to be decided on appeal:

1. Did the Court abused [sic] its discretion by denying Debtor's right to a fair hearing by requiring the Debtor to preceed [sic] at The Hearing without Debtor's Attorney of Record present at The Hearing. Whereas, The Court had not issued an Order to grant Debtor permission to act Pro Se?

2. Was it a denial of due process, or otherwise reversible error to provide Debtor with this type of hearing on the relevant relief from stay issues, whereas, The BONY did not have to present its evidence in admissible form, such as, by sworn testimony by persons with personal knowledge and to not allow Debtor to contest the truth of said evidence by cross examination controverting evidence of its own?

3. Did the Court err by only considering Debtor's failure to make all post petition payments, instead of also considering whether The BONY was adequately protected in the property, particularly given the fact that this is what Debtor alleged in Debtor's response to the MFRFS?

4. What evidence is necessary to prove Constitutional Standing and Prudential Standing in the context of a Motion for Relief from Stay in Bankruptcy Court on

residential real estate? Other ways of framing this issue is contained in the following sub-questions:

   a. Did the Court err in failing to require BONY to present evidence that it paid true value of its own for ownership of the Loan, and that even if it had, that it had not sold the Loan to another non-party?

   b. Did the Court err in failing to require BONY to present evidence that it had a security interest in the Property, meaning that it was still possessed of the DOT rights?

   c. Was it error to rely on statement of BONY's Attorney as to the fact that the appearance of the documents attached to its motion constituted a true and complete representation of the actual facts of the case, particularly, since there is a good and reasonably [sic] cause to allege that the facts that would be revealed at trial would be that the apparent picture created by these documents would be dispelled in cross-examination and controverting evidence of the BONY's fraudulent submission to this Court?

5. What effect should the established lack of credibility on the part of financial institutions related to residential mortgage loan servicing and foreclosure processing have upon residential mortgage stay relief procedures, in cases of pertinent mortgage loan debt. Particularly when such motions are challenged by the homeowner? This is within the context that, admittedly, in prior years such motions had been routine, such that when a Debtor had not made the monthly mortgage payments, stay relief was proper, absent a plan for Debtor to cure the arrearage. Because of the unsafe, unsound and fraudulent practices related to residential mortgage loan servicing and foreclosure processing for mortgages, primarily dated after 2006. This lack of credibility has been established, because it has been made part of the official public record, and because of the astonishing and overwhelming findings made through official investigations, private legal and expert inquiries and investigative journalism. There have been serious questions raised concerning the execution of documents by Bank of America, a previous owner of the Note and DOT, by what are being referred to as "robosigners" to the point that, a couple of years ago, The State of Texas suspended all foreclosures by Bank of America. And 48 other States similarly banned Bank of America foreclosures.

6. Whether the Bankruptcy Court erred in not requiring the BONY to complete the evaluation of the Debtor's eligibility under the Making Home Affordable Program established by the United States Department of the Treasury pursuant to the Emergency Economic Stabilization Act of 2008, before granting the Order to lift the automatic stay.

(Dkt. #3 at pp. 3 – 6).

## LEGAL STANDARD

A district court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of a bankruptcy court. 28 U.S.C. § 158(a)(1) (2012). A bankruptcy court's "findings of fact are reviewed for clear error and conclusions of law are reviewed de novo." *Drive Fin. Servs., L.P. v. Jordan*, 521 F.3d 343, 346 (5th Cir. 2008); *see also In re Soileau*, 488 F.3d 302, 305 (5th Cir. 2007); *Ferrell v. Countryman*, 398 B.R. 857, 862 (E.D. Tex. 2009). In a bankruptcy appeal, "a district court cannot consider issues that were not initially presented to the bankruptcy court." *Ferrell*, 398 B.R. at 863 (citations omitted). A district court "will not allow a party to raise an issue for the first time on appeal merely because a party believes that he might prevail if given the opportunity to try a case again on a different theory." *Ferrell*, 398 B.R. at 863 (citing *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 822 (5th Cir. 1996)).

Under Section 362(a) of the Bankruptcy Code, the filing of a bankruptcy petition "operates as an automatic stay of several categories of judicial and administrative proceedings that affect the property in the debtor's bankruptcy estate." *Prince v. CMS Wireless LLC*, No. 4:11-CV-438, 2012 WL 1015001, at *3 (E.D. Tex. Mar. 22, 2012) (citing 11 U.S.C. § 362(a)(1) (2012)). "The purposes of the stay are to protect the debtor's assets, provide temporary relief from creditors, and further equity of distribution among the creditors by forestalling a race to the courthouse." *Prince*, 2012 WL 1015001, at *3 (citing *Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003)). However, a creditor may obtain relief from the stay "for cause." *Prince*, 2012 WL 1015001, at *3 (citing 11 U.S.C. § 362(d)(1)).

Section 362(d)(1) of the Bankruptcy Code states, "on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . by terminating, annulling, modifying, or conditioning such stay . . . (1) for cause, including the lack of adequate protection

of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). "Cause" is not defined in the bankruptcy code, but rather is determined on a case-by-case basis. *See In re Reitnauer*, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); *In re Mendoza*, 111 F.3d 1264, 1271 (5th Cir. 1997); *Prince*, 2012 WL 1015001, at *3–4. "A debtor's failure to make payments constitutes cause" for granting a motion for relief from stay. *In re Hernandez*, No. 11-31893-H3-13, 2011 WL 2515980, at *3 (Bankr. S.D. Tex. June 22, 2011).

"Bankruptcy courts are given broad discretion to fashion relief from the automatic stay." *Prince*, 2012 WL 1015001, at *3–4 (citing *In re Barnes,* 279 F. App'x 318, 319 (5th Cir. 2008)). A bankruptcy court's order lifting the automatic stay is reviewed for abuse of discretion. *See In re Mirant Corp.*, 440 F.3d 238, 245 (5th Cir. 2006); *In re Mendoza*, 111 F.3d at 1266; *Prince*, 2012 WL 1015001, at *2. In general, a bankruptcy court abuses its discretion in lifting or modifying an automatic stay "only if it applies an improper legal standard or bases its decision on clearly erroneous facts." *Cain v. Rackspace U.S., Inc.*, No. SA-14-MC-333-XR, 2014 WL 3495715, at *1 (W.D. Tex. July 10, 2014) (first citing *In re Butan Valley, N.V.*, 2009 WL 6509349, at *2 (Bankr. S.D. Tex. 2009); and then citing *In re Cahill*, 428 F.3d 536, 539 (5th Cir. 2005)).

## ANALYSIS

The Court notes that the only issues on appeal raised before the bankruptcy court are Issue 1, whether the bankruptcy court abused its discretion by requiring Marable to proceed pro se before granting the Motion for Withdrawal of Counsel, and Issue 3, whether the bankruptcy court erred in finding cause to lift the stay (Dkt. #3 at p. 3). The remaining arguments presented on appeal were not advanced in the bankruptcy court. Accordingly, the Court need not address

these issues. *See Ferrell*, 398 B.R. at 863 (noting that a district court cannot consider issues that were not initially presented to the bankruptcy court).

*Withdrawal of Counsel*

Marable contends that he was entitled to have his attorney of record appear and defend his case until the bankruptcy court granted the Motion for Withdrawal of Counsel. The Court finds that this argument is without merit.

The United States Supreme Court has held that there is no Sixth Amendment right to counsel in civil cases. *See Lassiter v. Dep't of Soc. Servs. of Durham Cty*, 452 U.S. 18, 24–28 (1981). "The right to counsel only exists in favor of an indigent whose physical liberty is at stake." *Ferrell*, 398 B.R. at 866 (citing *In re Eagle,* 373 B.R. 609, 612 (8th Cir. BAP 2007)). "Consequently, an indigent debtor has no right to appointed counsel in a bankruptcy proceeding." *Ferrell*, 398 B.R. at 866 (citing *In re Wynn,* 889 F.2d 644, 646 (5th Cir. 1989)). A bankruptcy court may allow a debtor to proceed pro se without granting an extension of time to obtain an attorney if the debtor has ample notice of the hearing and adequate time to prepare for the hearing. *See In re Stathatos*, 163 B.R. 83, 87 (N.D. Tex. 1993). The withdrawal of an attorney in a bankruptcy case is a "matter entrusted to the sound discretion of the court and will be overturned on appeal only for an abuse of that discretion." *In re Wynn*, 889 F.2d at 646 (citing *Streetman v. Lynaugh*, 674 F.Supp. 229 (E.D. Tex. 1987)).

Here, Marable filed a Motion for Withdrawal of Counsel on October 7, 2015 (Btr. Dkt. #72). On October 12, 2015, Richard Kinkade, the attorney of record at the time, also filed a Motion for Withdrawal of Counsel (Btr. Dkt. #73). During the Final Hearing on November 2, 2015, the bankruptcy court noted that it had not yet acted on the Motion for Withdrawal of Counsel but stated that it would allow Marable to proceed pro se (Dkt. #4 at p. 3). The

bankruptcy court granted the Motion for Withdrawal of Counsel on November 10, 2015 (Btr. Dkt. #77).

Although Marable's attorney of record was not present at the Final Hearing, Marable did not have a constitutional right to appointed counsel in the bankruptcy proceeding. *See Ferrell*, 398 B.R. at 866. Further, Marable filed the Motion for Withdrawal of Counsel approximately a month before the Final Hearing, giving him ample notice of and adequate time to prepare for the Final Hearing. *See In re Stathatos*, 163 B.R. at 87. The bankruptcy court thus did not abuse its discretion in allowing Marable to proceed pro se during the Final Hearing.

### *Cause to Lift the Stay*

Marable contends that the bankruptcy court erred in finding cause to lift the stay because it only considered Marable's failure to make post-petition payments and did not consider whether BONY was adequately protected in the Property. A bankruptcy court's order lifting the automatic stay is reviewed for abuse of discretion. *See In re Mirant Corp.*, 440 F.3d at 245. The Court finds that the bankruptcy court did not abuse its discretion in finding cause to lift the stay.

Section 362(d)(1) of the Bankruptcy Code states, "on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . by terminating, annulling, modifying, or conditioning such stay . . . (1) for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). "Cause" for the lifting of the stay pursuant to Section 362(d)(1) is not defined in the Bankruptcy Code and must be determined on a case-by-case basis. *See In re Reitnauer*, 152 F.3d at 343 n. 4; *In re Mendoza*, 111 F.3d at 1264.

A creditor seeking relief "must provide evidence that the value of the collateralized property is declining or is threatened to decline in value as a result of the automatic stay" to

8

establish a prima facie case of cause due to a lack of adequate protection. *Id.* However, a lack of adequate protection of an interest in property is only one of the means by which a creditor may show cause for relief from stay. *See* 11 U.S.C. § 362(d)(1); *see also In re JCP Props., Ltd.*, 540 B.R. 596, 613 (Bankr. S.D. Tex. 2015) (determining that although creditor failed to establish a prima facie case of cause for relief from stay due to lack of adequate protection, there was cause to lift the automatic stay pursuant to Section 362(d)(1) because the debtor filed its bankruptcy petition in bad faith). "A debtor's failure to make payments" also constitutes cause for granting a motion for relief from the stay. *In re Hernandez*, 2011 WL 2515980, at *3. *See also In re Ramos*, 540 B.R. 580, 594 (Bankr. N.D. Tex. 2015) ("[T]he court acknowledges that many cases come before it in which a debtor has missed post-petition mortgage payments and is confronted with a motion to lift stay from his or her mortgage lender at some point midway through her Chapter 13 plan. The stay is often lifted. The mortgage lender forecloses.") (emphasis omitted).

During the Final Hearing, Marable stipulated that he had not made any post-petition payments on the home mortgage (Dkt. #4 at p. 5). Based on this stipulation, the bankruptcy court held that cause existed to lift the stay (Dkt. #4 at p. 6). The bankruptcy court was not required to also consider whether BONY was adequately protected in the Property. The bankruptcy court did not abuse its discretion in finding that Marable's failure to make post-petition mortgage payments constituted cause to lift the stay.

## CONCLUSION

Based on the foregoing and having applied the appropriate standards of review, the Court hereby **AFFIRMS** the holdings of the bankruptcy court.

**IT IS SO ORDERED.**

9

**SIGNED this 7th day of September, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE